GLADNEY, Judge.
This petitory action was instituted' by Keiffer E. Bailey and his wife who seek the possession of and recognition of their title to a portion of Lot 11 of the Moss Point Subdivision, situated in Section 35, Township 18 North, Range 15 West, Caddo Parish, Louisiana, allegedly acquired from Everett Leeland McGehee and his wife by deed dated April 14, 1950. Trial was had after issue was joined by answer of defendants, who averred that through mutual mistake there was incorporated in said deed an erroneous description and that defendants were not m possession of any property owned by plaintiffs. By reconventional demand reformation of the deed was sought to correct the described property in conformity with the agreement of the parties. From a judgment recognizing an error in the description and reforming the deed, but not in the manner sought by defendants, the latter have appealed.
Appellants were the owners of the whole of Lot 11 when approached by Keiffer Bailey and an agreement was entered into for the sale of a portion off the north side of said lot.
In order to understand the controversial points presented herein, there is reproduced herewith a plat of survey prepared by Ben E. Ramsey, Registered Civil- Engineer, dated July 9, 1955.

*559 The south boundary of the tract to, be sold was determined by the parties standing at a point on or near the road on the west side of said lot and- sighting to a 26 inch oak tree located near the contour line of Cross Lake, which formed the eastern boundary of the tract. The parties then called upon an attorney to prepare the instrument of conveyance but were advised that because of the irregular shape of the property, a survey was necessary in order to obtain a proper description identifying the tract to be sold. Messrs. McGehee and Bailey thereupon proceeded to the office of J. C. McLemore, a surveyor, who informed them that he would be unable for several days to run a survey, but if he could be furnished the exact distance of the contour line from the southeast corner of Lot 11 to the southeast corner of the .portion to be sold, he would prepare for them an accurate sketch and description. This distance was then so measured and determined to be 67 feet, which information was furnished to Mr. McLemore who then prepared a sketch, and description of the property to be sold which was incorporated in the deed. It should be observed at this point that it was agreed Bailey was to have a 12 foot access to the road forming the west boundary line of Lot 11. Appellants admit this but claim the access was to consist of a right-of-way of 12 feet lying between the northwest corner of the McGehee garage and the road.
The principal dispute between the parties is as to the manner in which the south line of the tract sold should be run from the 172 foot contour line to the west side of the tract. By reference to the Ramsey plat it will be observed that lines D-E represent the south boundary line of the tract as described in Bailey’s deed. The property in dispute herein is the area lying between the line designated on the plat as fence line and the deed line. The judgment from which defendants have appealed has reformed the description so that the south line of Bailey’s property runs from the point identified as “D’* on the west boundary of the property to the point identified as “B” on the 172 foot contour line of Cross Lake. The fence indicated on .Ramsey’s map was built by Mr. McGehee a short time after the execution of the deed, of sale. The fence was constructed by McGehee with the knowledge of Bailey who furnished all the materials and some, if not all, of the money to cover the necessary labor. It will be observed on the Ramsey plat that the fence runs on a straight line from the 26 inch oak tree near the lake contour line on the east to a point one foot away from the northwest corner of a garage owned by defendant. The fence does not extend all the way to the road, but had it been so extended in a straight line, obviously there would have been less than 12 feet access to the road.
After carefully studying the record we are in complete agreement with the findings and observations of our brother of the trial bench in his analysis of the evidence affecting-the points in dispute, and we adopt the following portion of his written opinion:
/'We shall therefore content ourselves with stating our conclusion, which is that the agreement between the parties was that the south line of the tract conveyed was to be ascertained by drawing a straight line from the center of a 26" oak tree below the contour line on the east (designated on the Ramsey- map as C) and a point on the west line of Lot 11 located 12 feet south of the northwest corner of said Lot 11, the southeast corner of the tract conveyed to be the point on the contour line where such a, straight line crossed it, and the southwest corner of the tract conveyed to be the point on the west line of.Lot 11, 12 feet south of the northwest corner of said Lot 11. We think that the parties discussed this and that it .was understood that the McGehee garage, which is of flimsy construction and old, was to be moved. Entering largely into our conclusion in this respect is the fact that the deed signed by Mr. and Mrs. McGehee in Mr. Bullock’s office calls for a straight line as the south line of the conveyed tract, and that the information upon which Mr. McLemore drew the sketch and confected the description was furnished him after a *560 visit to his office by Mr. Bailey and Mr. McGehee and after they had gone together to the ground site and made certain- measurements and returned to Mr. McLemore’s office. Another circumstance is'that on the same day this deed was executed in Mr. Bullock’s office, the McGehees executed to Mr. Bailey a mortgage on the portion of' Lot 11 retained by the McGehees to secure the payment of a One Thousand ($1,000.00-)-Dollar loan made on' that date. Both Mr. and Mrs. McGehee signed this mortgage (as they had the deed) before Mr. Bullock, and attached to this mortgage is the same plat and the same description by McLemore as is attached to the deed. This mortgage is in evidence as Exhibit P-3.
“Now Mr. McGehee, in his testimony, says that the trade was that the south line of the tract conveyed, should run from the lake contour line on the east (in line with the oak tree) to a point at the northwest corner of the McGehee .. garage and stop there. Mr. McGehee says that he told Mr. Bailey that he would ‘give him a right-of-way of 12 feet from there out to the road marking the west boundary line of Lot 11.’ In other words, it is Mr. McGehee’s contention that' he never agreed to convey the ownership of that portion of the laird lying between the northwest corner of the Mc-Géhee garage and the road. This does not strike- us as reasonable or logical under thecircumstances. Nothing is said in the deed1 about a right-of-way or right of passage'on this west end of the tract conveyed and-nothing is said in defendants' answer about a right-of-way or right of passage at that point. On the contrary, in paragraph four-1 of defendants’ answer, defendants allege that they agreed to sell a tract'of land whose' south boundary line was to- run ‘from said tree on a'straight line toward the-rear of respondents’ garage building and thence along a line 12 inches from the northerly side of said building out to the road.’ And: we observe that in the brief of defendants’’ counsel he urges that the deed be corrected as to the south line so as to .convey the 12 foot strip from the northwest corner of the McGehee garage to the road in full owr\ r-ship.' There is some evidence in the -case that if the fence were continued from the northwest corner of the McGehee garage to the po'int on the -west line 12 feet south of the northwest- corner of said Lot 1-1, entrance and exit to the McGehee garage would be substantially interfered with. There is some evidence also, to the contrary on this point, but a reference to the Ramsey map indicates to us that such a fence would interfere with the use of the front end of the garage. We think the McGehees have not proved by a preponderance of the evidence that the south line is not a straight line as contended for by the Baileys and as it actually appears in the McLemore plats and descriptions and carried forward in the deed and mortgage signed by both Mr. and Mrs. McGehee.”
On the trial of the case counsel for all parties conceded that the description in the deed was in error as to the, southeast corner of the tract conveyed. Apparently this error was brought about through inaccurate measurements by Messrs, Bailey and Mc-Gehee when they sought to determine the distance along the .172 foot contour line of the lake from the southeast corner of Lot Í1 and the intended southeast corner of the tract sold. The description in the deed as-well as the McLemore plat reflects this distance as measured by Bailey and McGehee to be 67 feet. As shown by the Ramsey map of' survey, hereinabove produced, the distance is approximately 77 feet.
It is our opinion that the trial judge-has. correctly resolved the issues presented in. this case and the judgment should be affirmed.
It is therefore ordered, adjudged and decreed .that there be judgment herein in favor of Everett L. McGehee and'Minnie Lee-McGehee, husband g.nd . wife, defendants,, reforming and correcting that, certain deed dated April 14, 19S0, filed and recorded in. Conveyance Book 622, page-‘47,-.Records of Caddo Parish, Louisiana, so as- to describe the south boundary line of the tract thereifr coriveyed to be a straight line to be ascertained by drawing a straight line from the- *561 center of a 26 indi oak' tree below the contour line on the east (designated on the Ramsey map as “C”) and a -point on the west line of Lot 11 located 12 feet south of the northwest corner of said Lot 11 (designated on the Ramsey plat as “D”), the southeast corner of the tract conveyed to be the point on the contour line where such a straight line crosses it, and the southwest corner of the tract conveyed to be the point on the west line of Lot 11, 12 feet south of the northwest corner of said Lot 11.
It is further ordered, adjudged ánd decreed that there be judgment herein' in favor of Keiffer'E. Bailey and Virta M. Bailey, husband and wife, plaintiffs, and against Everett L. McGéhee and Minnie Lee McGehee, husband and wife, defendants, recognizing plaintiffs as owners of the property conveyed in said deed of April 14, 1950, as hereinabove reformed and corrected, and placing them in possession thereof.
It is further ordered, adjudged and decreed thát the cost of these proceedings be paid one-half by plaintiffs and onédialf by defendants, except as to the costs of appeal, which'shall be taxed against the defendants.